IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH LETTIER,<br><br>    Petitioner,<br><br>vs.<br><br>ROBERT AYERS, JR., Warden,<br><br>    Respondents. | No. C 06-7198 JSW (PR)<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT, MOTION FOR A CERTIFICATE OF APPEALABILITY AND FOR COUNSEL AND GRANTING *IN FORMA PAUPERIS* STATUS**<br><br>**(Docket nos. 6, 7, 9, 10)** |

Petitioner, a state prisoner currently incarcerated at San Quentin State Prison in San Quentin, California, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court dismissed the petition on the grounds that (docket no. 5). Petitioner filed an opposition to the motion (docket no. 6) and Respondent filed a reply (docket no. 7). On March 12, 2007, this Court granted Petitioner's motion to dismiss the petition without prejudice to Petitioner asserting the same claims in an action under 42 U.S.C. § 1983, as the claims do not involve the fact or duration of Petitioner's confinement (docket no. 4). Petitioner now moves the Court for reconsideration under Federal Rule Of Civil Procedure 60(b)(6) (docket no. 6). Petitioner has also filed a notice of appeal and a motion seeking a Certificate of Appealability ("COA") (docket no. 7), as well as a motion seeking to proceed *in forma pauperis* on appeal (docket no. 9) and seeking appointment of counsel on appeal (docket no. 10).

## DISCUSSION

Where the court's ruling has resulted in a final judgment or order (e.g., after

dismissal or summary judgment motion), a motion for reconsideration may be based on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. *See Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

Rule 60(b) lists six grounds for relief from a judgment. Such a motion must be made within a "reasonable time," and as to grounds for relief (1) - (3), no later than one year after the judgment was entered. *See* Fed. R. Civ. P. 60(b). Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). "Rule 60(b) [] provides a mechanism for parties to seek relief from a judgment when "it is no longer equitable that the judgment should have prospective application," or when there is any other reason justifying relief from judgment. *Jeff D. v. Kempthorne*, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)).

In the motion, Petitioner has not met the criteria for relief from judgment on any of these bases. Petitioner has not shown that the successful resolution of his claim is likely to affect the duration of his confinement, since, the removal of a psychological report in his file within the Department of Corrections that has errors, cannot be said to "likely" accelerate his release on parole. *See, Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004)*, Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989); *see also Ramirez v. Galaza*, 334 F.3d 850, 858-59 (9th Cir. 2003) (implying that claim, which if successful

would "necessarily" or "likely" accelerate the prisoner's release on parole, must be brought in a habeas petition). As such, Petitioner's motion to reconsider is DENIED (docket no. 6).

Upon the filing of a notice of appeal and a request for a COA, the district court shall indicate which specific issue or issues satisfy the standard for issuing a certificate, or state its reasons why a certificate should not be granted. *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). (citing 28 U.S.C. § 2253(c)(3)). A judge shall grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484; *see James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000). As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue. *See id.* With regard to the issues before the Court, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. Accordingly, the request for a certificate of appealability is DENIED (docket no. 7).

3

Additionally, Petitioner has filed a motion seeking to proceed in forma pauperis on appeal (docket no. 9). With regard to Petitioner's application, 28 U.S.C. § 1915(a)(3) provides that an appeal may not be so taken if the district court certifies that it is taken in bad faith. The Court does not find that the appeal is not taken in good faith. Accordingly, the motion to proceed in forma pauperis on appeal is GRANTED (docket no. 9). However, Petitioner's motion seeking the appointment of counsel on appeal is not properly before this Court and the motion is DENIED without prejudice (docket no. 10). The Clerk of Court shall terminate all motions as decided by this order and forward this order, along with the case file, to the United States Court of Appeals for the Ninth Circuit, where Petitioner may also seek a COA, *see Asrar,* 116 F.3d at 1270, and appointment of counsel.

IT IS SO ORDERED.

DATED: January 8, 2008

JEFFREY S. WHITE
United States District Judge

4

|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT | |
| | FOR THE | |
| | NORTHERN DISTRICT OF CALIFORNIA | |

KEITH LETTIER,

        Plaintiff,

  v.

ROBERT AYERS et al,

        Defendant.

                                 /

Case Number: CV06-07198 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 8, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Keith Lettier
E50464
San Quentin State Prison
San Quentin, CA 94974

Dated: January 8, 2008

Richard W. Wieking, Clerk
  By: Jennifer Ottolini, Deputy Clerk